IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAREN HONOLD                                                      PLAINTIFF

v.                                  Case No. 6:21-cv-06140-RTD

DOLLAR GENERAL CORPORATION
AND DOLGENCORP, LLC d/b/a
DOLLAR GENERAL                                                    DEFENDANTS

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Dollar General Corporation and Dolgencorp, LLC d/b/a Dollar General (collectively "Dollar General"[1]) submit the following brief in support of their motion for summary judgment.

### I.     UNDISPUTED FACTS

On September 29, 2018, Plaintiff Karen Honold ("Plaintiff") was shopping at the Dollar General store located on Stagecoach Road in Little Rock, Arkansas when she slipped and fell on a substance that was on the floor. (*Ex. A to Motion, Plaintiff's Dep. pp. 22:13-16*). Plaintiff did not see the substance on the floor before she slipped nor could she identify what the substance was, but she described it as a "residue" of some kind. (*Id. at pp. 46:10-11; 48:19-25*). Plaintiff does not know how the residue got on the floor or how long it was on the floor before she slipped on it. (*Id. at pp. 48:6-12)*. Also, Plaintiff has no knowledge that anyone from Dollar General knew the residue was on the floor before she fell. (*Id. at, pp. 48:13-15*).

---

[1] Dolgencorp, LLC is the owner and operator of the Dollar General store where this incident occurred and is the only proper defendant in this matter. Dollar General Corporation does not own or operate this Dollar General. Plaintiff should voluntarily dismiss Dollar General Corporation because Dollar General Corporation is an improperly named defendant in this lawsuit.

Stephanie Carlton ("Ms. Carlton") is the assistant store manager at the Dollar General located on Stagecoach Road in Little Rock, Arkansas. (*Ex. B to Motion, Carlton's Dep., pp. 6:19-20;9:22*). Ms. Carlton was working at the store at the time Plaintiff's accident occurred. (*Id. at pp. 26:13-14*). During the performance of her work as an assistant manager, Ms. Carlton constantly moved throughout the store, during which time she is very aware of her surroundings. (*Id. at pp. 25:22-24; 26:1-4*). Ms. Carlton is trained to look for hazards and, once she identifies one, she is trained to correct it as fast as she can, which is something she always does. (*Id. at, pp. 34:3-12*). Also, Ms. Carlton has a handheld device where a safety check "pops up" every two hours notifying her that she needs to check and make sure the store is free of hazards. (*Id. at, pp. 25:12-17*). So, in addition to always checking for and removing hazards as she is moving around the store as part of her job, Ms. Carlton also specifically performs a safety check every two hours, during which time she specifically searches for and corrects hazards. (*Id. at, pp. 25:12-17; 34:3-12*).

Before Plaintiff's fall, no Dollar General customers reported this residue on the floor to Ms. Carlton. (*Id. at pp., 13:8-11*). On the date of Plaintiff's accident, Ms. Carlton's job duties would have required her to move throughout the store, including in or near where Plaintiff's fall occurred. (*Id. at, pp. 25:23-24; 34:13-15*). Based on amount of time she spends moving throughout the store, Ms. Carlton does not believe a substance could stay on the store floor for two hours without her discovering it. (*Id. at, pp. 25:18-24*).

## II.    STANDARD OF REVIEW FOR SUMMARY JUDGMENT

"The Court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Enterprise Bank v. Magna*

*Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the initial burden of showing that

there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id*.

The nonmoving party must then demonstrate the existence of specific facts in the record that create

a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  "[A]

party opposing a properly supported motion for summary judgment may not rest upon mere

allegation or denials . . . but must set forth specific facts showing that there is a genuine issue for

trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A federal court sitting in

diversity will apply the substantive law of the forum state.  *Chew v. Am. Greetings Corp.*, 754 F.3d

632, 635 (8th Cir. 2014).  Arkansas law applies to this case, and this Court is "bound by decisions

of the Arkansas Supreme Court as to the meaning of the law."  *Id.*  Because Plaintiff cannot

establish that any material questions of fact exist in this matter, Dollar General is entitled to

summary judgment.

### III.    ARGUMENT

In general, a property owner has a duty to exercise ordinary care to maintain his or her

premises in a reasonably safe condition for the benefit of invitees.  *Kroger Co. v. Smith*, 93 Ark.

App. 270, 274, 359 S.W.3d 359, 362 (2005); *Bank of Malvern v. Dunklin*, 307 Ark. 127, 817

S.W.2d 873 (1991).  In a slip-and-fall case, the burden of proof is on the plaintiff to establish a

violation of this duty.  *Dunklin* at 129, 817 S.W.2d at 874.  To prevail, the plaintiff <u>must</u> prove

either: (1) that the presence of the substance or item on the floor resulted from the negligence of

the owner, or (2) that the substance or item had been on the floor for such a length of time that the

owner knew or reasonably should have known of its presence and failed to use ordinary care to

remove it.  *Dunklin*, *supra. See Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56

(1994) (summary judgment for defendant was appropriate where plaintiff did not present evidence

3

supporting prima facie case of negligence); *House v. Wal-Mart Stores, Inc.*, 316 Ark. 221, 872 S.W.2d 52 (1994) (directed verdict affirmed where plaintiff's proof was insufficient to show the substance in issue was on the defendant's floor for such a length of time that the defendant reasonably should have known of its presence); *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993) (trial court correct in granting defendant's motion for directed verdict where plaintiff did not prove the substance was on the floor because of the defendant's negligence or that the substance had been on the floor for so long that the defendant knew or should have known it was there); *Sanders v. Banks*, 309 Ark. 375, 830 S.W.2d 861 (1992) (summary judgment affirmed where there was no evidence tending to establish that the substance had been on the floor long enough that store personnel should have noticed it); *Diebold v. Vanderstek*, 304 Ark. 78, 799 S.W.2d 804 (1990) (where plaintiff had no knowledge of the length of time the substance had been on the parking lot the day he fell nor any knowledge the defendant knew about the substance prior to the fall, there was no genuine issue of fact to be determined and summary judgment for the defendant was appropriate).

The mere fact that a patron slips and falls in a store does not give rise to an inference of negligence. *Johnson* at 401, 771 S.W.2d at 183; *Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986); *Skaggs Companies, Inc. v. White*, 289 Ark. 434, 711 S.W.2d 819 (1986). It must be proved that the substance or item was negligently placed on the floor or allowed to remain. *Mankey*, *supra.* As discussed below, Plaintiff has failed to establish either of the elements necessary to prevail in this case and summary judgment should be granted in favor of Dollar General.

**A.** **There Is No Evidence that the Residue Was on the Floor Due to Dollar General's Negligence.**

There is no evidence that the residue's presence on the floor in this case resulted from the negligence of Dollar General. As established by the deposition testimony submitted along with this motion for summary judgment, neither Plaintiff nor Dollar General know how the residue got on the floor. Arkansas Courts have consistently required that a plaintiff in a slip and fall case bring some evidence, beyond theories and speculation, as to how a substance got on the floor in order to sustain a negligence action. For instance, in *Skaggs Companies, Inc. v. White*, 289 Ark. 434, 711 S.W.2d 819 (1986), the plaintiff stepped into a clear gel-like substance located in a well-traveled aisle of a Skaggs Alpha Beta store. There was no evidence offered from any source to indicate the period of time the substance had been on the floor or how it had come to be there. *Id.* The Court determined that there was insufficient proof to support a verdict for the plaintiff where there was a complete lack of evidence indicating the cause of the substance on the floor or indicating the length of time it had been on the floor. *Id.*

In *Diebold v. Vanderstek*, 304 Ark. 78, 799 S.W.2d 804 (1990), the plaintiff fell in a green, slimy substance in the defendant's parking lot. In upholding summary judgment for the defendant, the Court stated that "the presence of a foreign or slick substance which causes a slip-and-fall is not alone sufficient to prove negligence. It must be proved that the substance was negligently placed there or allowed to remain." *Id.* at 79, 799 S.W.2d at 805.

The lack of evidence in the present case is very similar to the lack of evidence in *White* and *Diebold* and other cases cited herein. Plaintiff allegedly slipped in a residue at the Dollar General store. No one saw the residue before Plaintiff's fall. Plaintiff offers absolutely no evidence that the residue was on the floor due to Dollar General's negligence. Thus, Plaintiff's case lacks

5

sufficient evidence to overcome Dollar General's summary judgment motion based upon this prong of the standard slip and fall liability analysis.

> **B.      There Is No Evidence that Dollar General Knew of the Residue's Presence Before Plaintiff's Fall, or that the Residue Had Been on the Floor for Such a Length of Time that Dollar General Should Have Been Aware of Its Presence.**

The length of time a substance is on the floor is a key factor in establishing liability in a slip-and-fall case, and the plaintiff has the burden of proving there was a substantial interval between the time the substance was placed on the floor and the time of the fall. *Dunklin* at 130, 817 S.W.2d at 875; *Johnson* at 402, 711 S.W.2d at 784. Here, Plaintiff has no evidence that shows the residue upon which Plaintiff claims she slipped was on the floor for such a length of time that Dollar General's employees knew or should have known of its existence and failed to exercise ordinary care to remove it. She admitted in her deposition that she had no idea how long the residue had been on the floor before she slipped in it. Furthermore, Dollar General has offered Ms. Carlton's deposition testimony that establishes not only that Dollar General had no prior knowledge of the presence of the residue, but also that, based on Ms. Carlton's activity in the store the day of the accident, there is no way the residue could have been on the floor more than two hours. Simply put, there is no way to establish the length of time this substance was on the floor absent rank speculation and guesswork, which is not evidence.

Arkansas case law supports the granting of summary judgment in this case. For instance, in *Johnson*, the plaintiff claimed to have slipped on a battery at the defendant's business. The Court found that the business had been opened, at most, two hours before the accident and, viewing the evidence in the light most favorable to the plaintiff, concluded the battery could have been on the floor for two hours. The Court, however, found this was not a sufficient length of time that the defendant's employees reasonably should have known of the battery's presence. *Johnson* at 402-03, 771 S.W.2d at 784. "[A]n interval of almost two hours between the time a substance was placed on the floor and the time of the accident was not sufficient to establish an inference of negligence." *Mankey* at 18, 858

S.W.2d at 88 (citing *Johnson v. ARKLA, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989)). *See Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56 (1994) (Evidence that defendant's employees had conducted "safety sweep" of the area thirty minutes prior to plaintiff's fall and found no substance on the floor supported affirmation of summary judgment in favor of defendant); *Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986) (Evidence that water had been in aisle of supermarket for one hour and fifteen minutes insufficient to show that any employee knew or reasonably should have known of the spill.); *Moore v. Willis*, 244 Ark. 614, 426 S.W.2d 372 (1968) (Evidence that water and dirt tracked in by customers had accumulated for two hours inside doorway of store not sufficient evidence from which jury could determine that it should have been observed by employees.).

Here, Plaintiff has no evidence whatsoever as to how long the residue was on the Dollar General floor and Ms. Carlson testified that the residue could not have been on the floor more than two hours without her discovering and removing it. Arkansas case law clearly indicates this is an insufficient time for Dollar General to have been placed on the constructive notice of the presence of the residue. Moreover, the mere fact that Dollar General can only establish with any reasonable certainty that the residue could not have been on the floor more than two hours does ***not*** mean the residue was not on the floor a much shorter period of time that that. It could have been on the floor five minutes or an hour and five minutes before Plaintiff's accident. The bottom line is there is no proof what this time period was. Because Plaintiff cannot present evidence or otherwise create a fact question regarding the length of time the substance was on the floor or that Dollar General had prior knowledge of its presence, Plaintiff also cannot meet her burden on this prong of the standard slip and fall analysis. Therefore, Dollar General is entitled to summary judgment.

## IV.     <u>CONCLUSION</u>

For the reasons stated herein, Dollar General is entitled to summary judgment.

Byron T. Keaton (AR Bar No. 2021208)
Thomas G. Williams (AR Bar No. 88186)
*Attorneys for Defendants*
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
bkeaton@qgtlaw.com
twilliams@qgtlaw.com

8