IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAREN HONOLD                                                    PLAINTIFF

v.                              Case No. 6:21-cv-06140-RTD

DOLLAR GENERAL CORPORATION
AND DOLGENCORP, LLC d/b/a
DOLLAR GENERAL                                                  DEFENDANTS

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Dollar General Corporation and Dolgencorp, LLC d/b/a Dollar General (collectively "Dollar General") submit the following statement of material undisputed facts in support of their motion for summary judgment.

1.      On September 29, 2018, Plaintiff Karen Honold ("Plaintiff") was shopping at the Dollar General store located on Stagecoach Road in Little Rock, Arkansas, when she slipped and fell on a substance that was on the floor.  (*Ex. A to Motion, Plaintiff's Dep. pp. 22:13-16; 46:10-11*).

2.      Plaintiff did not see the substance on the floor before she slipped nor could she identify what the substance was, but she described it as a "residue" of some kind. (*Id. at, pp 46:10-11; 48:19-25*).

3.      Plaintiff does not know how the residue got on the floor or how long it was on the floor before she slipped on it. (*Id. at, pp. 48:6-12*).

4.      Plaintiff has no knowledge that anyone from Dollar General knew the residue was on the floor before she fell. (*Id. at, pp. 48:13-15*).

1

5.      Stephanie Carlton ("Ms. Carlton") is the assistant store manager at the Dollar General located on Stagecoach Road in Little Rock, Arkansas.  (*Ex. B to Motion, Carlton's Dep., pp. 6:19-20;9:22*).  Ms. Carlton was working at the store at the time Plaintiff's accident occurred. (*Id. at, pp. 26:13-14*).

6.      During the performance of her work as an assistant manager, Ms. Carlton is constantly moving through the store, during which time she is very aware of her surroundings. (*Id. at, pp. 25:22-24; 26:1-4*). Ms. Carlton is trained to look for hazards and, once she identifies one, she is trained to correct it as fast as she can, which is something she always does. (*Id. at, pp. 34:3-12*).

7.      Ms. Carlton also has a handheld device where a safety check "pops up" every two hours notifying her that she needs to check and make sure the store is free of hazards.  (*Id. at, pp. 25:12-17*).  So, in addition to always checking for and removing hazards as she is moving around the store as part of her job, Ms. Carlton also specifically performs a safety check every two hours, during which time she specifically searches for and corrects hazards.  (*Id. at, pp. 25:12-17; 34:3-12*).

8.      On the date of Plaintiff's accident, Ms. Carlton's job duties would have required her to move throughout the store, including in or near where Plaintiff's fall occurred. (*Id. at, pp. 25:23-24; 34:13-15).* Based on the amount of time she spends moving throughout the store, Ms. Carlton does not believe a substance could stay on the store floor for two hours without her discovering it.  (*Id. at, pp. 25:18-24*).

9.      Before Plaintiff's fall, no Dollar General customers reported this residue on the floor to Ms. Carlton.  (*Id. at, pp. 13:8-11*).

2

Byron T. Keaton (AR Bar No. 2021208)
Thomas G. Williams (AR Bar No. 88186)
*Attorneys for Defendants*
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
bkeaton@qgtlaw.com
twilliams@qgtlaw.com