IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAREN HONOLD                                                    PLAINTIFF

v.                              CASE NO. 6:21-cv-06140-RTD

DOLLAR GENERAL CORPORATION
and DOLOGENCORP, LLC d/b/a
DOLLAR GENERAL                                                  DEFENDANTS

RESPONSE TO STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1. On September 29, 2018, Plaintiff Karen Honold ("Plaintiff") was shopping at the Dollar General store located on Stagecoach Road in Little Rock, Arkansas, when she slipped and fell on a substance that was on the floor. (Ex. A to Motion, Plaintiff's Dep. pp. 22:13-16; 46:10-11).

RESPONSE: Admitted.

2. Plaintiff did not see the substance on the floor before she slipped nor could she identify what the substance was, but she described it as a "residue" of some kind. (*Id.* at, pp. 46:10-11; 48:19-25).

RESPONSE: Plaintiff admits she did not see the substance before she slipped and fell. Plaintiff admits she described the substance as a "residue" of some kind. Plaintiff admits she does not know the chemical makeup of the substance, but her description of it constitutes an identification of it. See Pl. Ex. 17, 19-20A.

3. Plaintiff does not know how the residue got on the floor or how long it was on the floor before she slipped on it. (*Id.* at, pp. 48:6-12).

1

RESPONSE: Plaintiff admits she did not observe any person deposit the residue on the floor. Further, since Plaintiff did not observe any person deposit the residue on the floor, she naturally does not know how long it had been on the floor.

4. Plaintiff has no knowledge that anyone from Dollar General knew the residue was on the floor before she fell. (*Id.* at, pp. 48:13-15)

RESPONSE: Denied as written. Arkansas law does not require a Plaintiff to prove the length of time a substance is on the floor, only that the owner of the premises knew or *should have known*, in the exercise of reasonable care, that it was present. See Pl. Ex. 6 and 10, the corporate handbooks and compare to photos found at Pl. Ex. 1-3A which indicate the store employees were not following company standards or they would have discovered the condition of the aisle where Plaintiff fell.

5. Stephanie Carlton ("Ms Carlton") is the assistant store manager at the Dollar General located on Stagecoach Road in Little Rock, Arkansas. (Ex. B to Motion, Carlton's Dep., pp. 6:19-20; 9:22).

RESPONSE: Admitted.

6. During the performance of her work as an assistant manager, Ms. Carlton is constantly moving through the store, during which time she is very aware of her surroundings. (*Id.* at, pp. 25:22-24; 26:1-4). Ms. Carlton is trained to look for hazards and, once she identifies one, she is trained to correct it as fast as she can, which is something she always does. (*Id.* at, pp. 34:3-12).

RESPONSE: It is admitted these "facts" were her testimony. It is denied that is, in fact, what she did the day Plaintiff slipped and fell or M. Carlton would have seen the debris and the substance which caused Plaintiff to slip and fall. See Pl. Ex. 1-3A, 6, 10, 23, 24.

2

7. Ms. Carlton also has a handheld device where a safety check "pops up" every two hours notifying her that she needs to check and make sure the store is free of hazards. (*Id*. at, pp. 25:12-17). So, in addition to always checking for and removing hazards as she is moving around the store as part of her job, Ms. Carlton also specifically performs a safety check every two hours, during which time she specifically searches for and corrects hazards. (*Id*. at, pp. 25:12-17; 34:3-12).

RESPONSE: It is admitted this was Ms. Carlton's deposition testimony. Glaringly missing from Defendants' exhibits are any records showing where Ms. Carlton actually did as she testified in her deposition. The actual condition of the store, according to Plaintiff and her photographs, raises questions about Ms. Carlton's credibility. See Pl. Ex. 1-3A, 23, 24.

8. On the date of Plaintiff's accident, Ms. Carlton's job duties would have required her to move throughout the store, including in or near where Plaintiff's fall occurred. (*Id*. at, pp. 25:23-24; 34:13-15). Based on the amount of time she spends moving throughout the store, Ms. Carlton does not believe a substance could stay on the store floor for two hours without her discovering it. (*Id*. at, pp. 25:18-24).

RESPONSE: It is admitted this was Ms. Carlton's deposition testimony. It is denied Ms. Carlton was following company policies on the day Plaintiff slipped and fell. Pleading further, Arkansas law does not have a "two hour rule." The photos taken within moments after Plaintiff fell completely contradict Ms. Carlton's testimony, as does Plaintiff's testimony. Had Ms. Carlton been moving throughout the store, as claimed, she would have seen the debris and substance on the floor. Pl. Ex. 1-3A, 23, 24.

9. Before Plaintiff's fall, no Dollar General customers reported this residue on the floor to

Ms. Carlton. (*Id.* at, pp. 13:8-11).

RESPONSE: It is admitted this was Ms. Carlton's deposition testimony, but it is denied

that means the substance had not been on the floor long enough that that employees of the store

knew *or should have known*, in the exercise of reasonable care, that it was present.  Pl. Ex.

1-3A, 23. 24.

<div style="margin-left: 50%;">

Respectfully Submitted
KAREN HONOLD, PLAINTIFF

By: _____

D. SCOTT HICKAM #79086
Attorney at Law
123 Market St.
Hot Springs, Arkansas 71901
(501) 624-4346 / Fax (501) 624-6553
Email: dscotthickamatty@gmail.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of May 2022, I have served the foregoing by
electronic mail and U.S. Mail, postage prepaid, upon the following counsel of record:

Byron Keaton
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
bkeaton@qgtlaw.com
Attorney for Dolgencorp, LLC

_____

D. Scott Hickam

4