IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAREN HONOLD                                                    PLAINTIFF

v.                          Case No. 6:21-cv-06140-RTD

DOLLAR GENERAL CORPORATION
and DOLGENCORP, LLC d/b/a
DOLLAR GENERAL                                                DEFENDANTS

BRIEF IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT

In response to Defendants' Motion for Summary Judgment Plaintiff submits the

following memorandum brief to show why there remain issues of material fact for the

finder of fact to determine.

I. FACTS

First, the Dollar General Handbooks include the following:

Maintain aisles free of debris and any other slip or trip hazard at all times.
See 6A. (Pl. Ex. 6)

*****

The Safety Checks are in addition to continually checking the store for
hazards throughout the day and during recovery. (Pl. Ex. 6)

*****

Do not leave rolltainers unattended during operating hours. See 11C. (Pl.
Ex. 10)

The photos provided the Court as Pl. Ex. 1 through 3A clearly show: (a) debris and

other slip hazards in the aisle; (b) the substance upon which Plaintiff slipped; and (c) an

unattended rolltainer. If Defendants' employees are supposed to be tending to these

1

kinds of things, including constantly walking the aisles, as the store manager said was the policy, then what appears in the photos would have been seen by the store employees. See Pl. Ex. 6 and 33. If they didn't see them they weren't looking very carefully, *i.e.* they were negligent.

Looking then to the deposition testimony, Ms. Honold testified, in relevant part, as follows:

> So we were trying to find balloons and gift bags, whatever, and there was a lady in front of me, and I slowed down to turn on the deal, and the next thing I knew, I was on the ground. (Pl. Ex. 11)
>
> \*\*\*\*\*
>
> Q. Both your feet slipped forward out in front of you, correct? Is that correct?
>
> A. Yes, sir. (Pl. Ex. 14)
>
> \*\*\*\*\*
>
> Q. And then Linda helped you up off - - helped you up off the floor, correct? (Pl. Ex. 15)
>
> A. Yes, sir, because whatever - - I couldn't get my - - I couldn't get my boot down to get up, because it kept sliding out from under me. (Pl. Ex. 16)
>
> \*\*\*\*\*
>
> A. Whatever was on the bottom of my shoe that I couldn't get off, I kept moving. (Pl. Ex. 17)
>
> \*\*\*\*\*
>
> Q. You describe it as a residue. Can you be more specific? Like, what do you mean by "residue"? There's - - there can be - - what do you mean by "residue"?
>
> A. It's hard to say. I mean, because I don't know what it was. I just know that whenever I was getting up, there was - - and I got up off the floor - - I mean, literally, we didn't know that that was even there until we got me up off the floor and Linda said, Look at the floor. And so - - but I felt like - - if you walk through - - if you walk through a greasy floor in a kitchen and you come out of it on the other side, you still feel like you got grease on your shoes. (Pl. Ex. 19-20)

*****

A. Well, whatever that was on the floor that I couldn't get my grip to get out of that I didn't even realize I - - it was on there, it felt like the residue of whatever that was still on the bottom of my boot. (Pl. Ex. 20)

*****

A. It wasn't wet. It was just dry, because when I tried to grab myself on the floor, when I tried to put myself up. I put my hands down in it, and then I pulled it up, because it was - - it was - - you could feel that it was something on the floor. (Pl. Ex. 20-A)

*****

Q. Okay. Could you tell from what those videos, even if it didn't show the specific location where you fell, whether or not the floors were being maintained at that time?

A. No. (Pl. Ex. 23)

*****

A. No, they're not maintained. They - - boxes and stock carts and stuff all in the alleyways.

Q. Okay. And, as a matter of fact, even on these, on - -

A. Trash.

Q. - - Exhibit No. 5 and Exhibit No. 4, can you see small articles of debris that are on the floor?

A. Yes, sir. (Pl. Ex. 23)

*****

A. And the stock carts are understandable, because they've got to put stock out, but this is - - is not acceptable.

Q. And when you're saying "this," you're pointing - -

A. The debris and the - - and the stuff on the floor. (Pl. Ex. 24)

Hardly the "spotless" store the store manager said she prided herself on and certainly not in compliance with the company handbooks.   See Pl. Ex. 6, 10.

Candance Johnson, the store manager testified in her deposition:

3

Q. Okay. All right. Do you see that spot on the floor?

A. Yes, I do.

Q. Do you know how it got there?

A. No, I don't.

Q. Do these tracks look like something that's rolled through a spot?

A. Yes, it does.

Q. Like a grocery cart?

A. Yes. (Pl. Ex. 30)

***** 

Q. It says, During operating hours, do not leave rolltainers, U-boats, or ladders unattended. Okay.

A. Okay.

Q. Do you see where it says that up at the top?

A. Yes, sir.

Q. Do you know anywhere in the store policies or operating procedures where it has an exception for that, that allows you to do what you said?

A. It's not an exception. It's - - that's how we work. That's how we would work it. We would have - - it's not unattended. It's going to different places in the store working what's on the rolltainer. (Pl. Ex. 31)

***** 

Q. Do you have any idea when this area of the floor was examined or inspected prior to my client's fall?

A. No, I do not. (Pl. Ex. 33)

So, does Ms. Johnson comply with company safety standards or not? She admitted this particular store does things differently than what the handbooks mandate be done. Did

4

she do the same with the requirement there be frequent checking of aisles to make sure they were free of debris and slippery substances as required by the handbooks.   See Pl. Ex. 6, 10.   The photos show she ignored those rules.   Pl. Ex. 1-3A.

The excerpts from the company policies, the photos and the deposition testimony will allow a reasonable juror to conclude the following: (a) there was, in fact, a very slippery substance on the floor; (b) the substance had been there long enough for a shopping cart and/or rolltainer to roll through it; (c) the employees of the store had their own policies which differed from the company policies; (d) the aisle had debris in it, meaning it had not been cleaned in quite some time since company policy requires debris to be removed immediately; and (f) if the store employees are supposed to go throughout the store while they are working, they didn't go down the aisle where Ms. Honold fell.

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A federal court sitting in diversity will apply the substantive law of the forum state. *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014). Arkansas law applies to this case, and this Court is "bound by decisions of the Arkansas Supreme Court as to the meaning of the law." *Id.*

Summary judgment is appropriate only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may

not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.*

Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). Where reasonable minds might differ summary judgment is improper. *Watson v. Ceva Logistics U.S. Inc.*, 619 F.3d 936 (8th Cir. 2010).

## III. ARGUMENT

In a negligence case, the burden of proof is always on the party asserting negligence, and negligence is never presumed. *Brown v. Wal-Mart Stores, Inc.*, 2015 Ark. App. 569; *Morehart v. Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d 331 (1995). To establish a prima facie case of negligence, a party must show that she sustained damages, that appellee was negligent, and that such negligence was a proximate cause of her damages. *Id.* While a party may establish negligence by direct or circumstantial evidence, she cannot reply upon inferences based on conjecture or speculation. *Id.*

To establish a violation of the duty of care, Plaintiff must prove either that the presence of a substance on the floor was the result of appellee's negligence, or that the substance had been on the floor for such a length of time that appellee knew or reasonably

should have known of its presence and failed to use ordinary care to remove it. *Tomlin v. Wal-Mart Stores, Inc.*, 81 Ark. App. 198, 100 S.W.3d 57 (2003).

In the case of *Woodruff v. Western Sizzlin of Russellville, Inc.*, 2020 Ark. App. 396 Ms. Woodruff was injured when she fell at Western Sizzlin while walking from the salad bar to her table. She sued Western Sizzlin for negligence, alleging that it had failed to make the premises reasonably safe; failed to maintain the premises in a reasonably safe condition; failed to properly train and supervise its employees in the proper maintenance of premises; failed to warn her that there was a foreign substance on the floor; and failed to exercise ordinary care under the circumstances. Specifically, Ms. Woodruff contended that she had slipped and fallen on a foreign substance that appeared to be melted ice cream.

In deposition testimony, Ms. Woodruff's companion at the restaurant, Sharon McCain, testified that she and Ms. Woodruff noticed when they entered the restaurant that there was "a mess everywhere" and that it was the "worst [she had] ever seen" at Western Sizzlin. Ms. Woodruff stated in deposition testimony that she had noticed the floor was wet when she walked from her table to the salad bar. In one part of her deposition she said she walked around the wet spot; she later testified that she had walked through the wet spot on her way to the salad bar. She said that on the way back to her table, she slipped in the same area where she had seen the wet spot. After she fell, she noticed there was hamburger and ice cream on the floor where she had fallen.

7

On appeal, Ms. Woodruff argued that the circuit court erred in not viewing the evidence in the light most favorable to her, contending that defense counsel prevailed on the motion by citing specific parts of her testimony and ignoring other parts; blurring the contrast between her knowledge before her fall and after; and failing to focus on where she fell – the tile or the carpet. The appellate court agreed that a genuine issue of material fact remained and therefore reversed and remanded for further proceedings, noting that:

> Summary judgment is not proper where the evidence reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Shook v. Love's Travel Stops & Country Stores, Inc.*, 2017 Ark. App. 666, 536 S.W.3d 635.

> Summary judgment is not proper when it is necessary to weigh the credibility of statements to resolve an issue. *Wade v. Bartley*, 2020 Ark. App. 136, at 9, 596 S.W.3d 555, 561.

First, Plaintiff wants to dispel any notion Arkansas has a "two hour rule" as Defendants seem to suggest. The rule is "knew or reasonably should have known" the substance was there. *Woodruff*, supra.; *Tomlin*, supra.

Defendants have created rules they expect their employees to follow, *i.e.* they have created the standard of care which the employees are expected to follow. Pl. Ex. 6 and 10. Aisles must be free of "debris or any other slip or trip hazard." Pl. Ex. 6. Pl. Ex. 1-3A show this did not happen. Employees are to continually check the store for hazards throughout the day. Pl. Ex. 6. While Ms. Johnson claims to have done this, once again the photo belie that testimony. Pl. Ex. 1-3. Rolltainers are not to left unattended during operating hours. Pl. Ex. 10. Ms. Johnson violated this rule, too, because she was

nowhere around, but a rolltainer can be seen in one photo. Pl. Ex. 3A.

## CONCLUSION

The summary judgment evidence presented by Plaintiff meet proof with proof and

shows material issues of fact remain for the triers of fact to resolve.   Defendants' motion

for summary judgment must be denied.

Respectfully Submitted
KAREN HONOLD, PLAINTIFF

By:  _____

D. SCOTT HICKAM #79086
Attorney at Law
123 Market St.
Hot Springs, Arkansas 71901
(501) 624-4346 / Fax (501) 624-6553
Email: dscotthickamatty@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of May 2022, I have served the foregoing by electronic mail and U.S. Mail, postage prepaid, upon the following counsel of record:

Byron Keaton
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
bkeaton@qgtlaw.com
Attorney for Dolgencorp, LLC

_____
D. Scott Hickam