IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KAREN HONOLD                                                                                                    PLAINTIFF

v.                                    Case No. 6:21-cv-06140

DOLLAR GENERAL CORPORATION
and DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Motion for Summary Judgment filed by Defendants Dollar General Corporation[1] and Dolgencorp, LLC d/b/a Dollar General (ECF No. 10). This matter has been briefed and is ready for consideration. (ECF Nos. 11, 12, 15, 16, 17, 18).

**I.      Background**

On October 21, 2021, this case was removed from the Circuit Court of Hot Spring County, Arkansas. (ECF No. 2). In Plaintiff Karen Honold's complaint, she alleges a claim for negligence against Defendants. (ECF No. 4). On September 29, 2018, Plaintiff was shopping at the Dollar General store located on Stagecoach Road in Little Rock, Arkansas, when she slipped and fell on a substance that was on the floor. (Honold Dep. 22:13–16; 46:10–11, ECF No. 11-1 at 2). Plaintiff could not specifically identify the substance. However, she described it as a "residue on the bottom of [her] boot", and it felt like "if you walk through a greasy floor in a kitchen and you come out of it on the other side." (Honold Dep. 46:10–11; 48:19–25, *Id.* at 3–4).

---

[1] Defendants' brief in support states that Plaintiff should voluntarily dismiss her claims against Defendant Dollar General Corporation because Dolgencorp, LLC is the owner and operator of the Dollar General store where this incident occurred and is the only proper defendant in this matter. (ECF No. 11 at 1 n. 1). To date, Plaintiff has not dismissed this Defendant.

1

Linda Brock, who was accompanying Plaintiff, witnessed the accident and the residue on the floor after Plaintiff fell. (Brock Dep. 13:4–13, ECF No. 15-1 at 44). Plaintiff also submitted four pictures that allegedly show the substance on the floor that caused her accident. (*Id.* at 3–6).

Stephanie Carlton is the assistant store manager at Dollar General and was working at the store at the time Plaintiff's accident occurred. Carlton uses a handheld device where a safety check "pops up" every two hours notifying her that she needs to check and make sure the store is free of hazards. (Carlton Dep. 25:12–17, ECF No. 11-2 at 6). This means that Carlton had to perform a safety check every two hours, during which time she had to specifically search for and corrects hazards. (Carlton Dep. 25:12–17, *Id.* at 6). During the performance of her work as an assistant manager, Carlton is constantly moving throughout the store. (Carlton Dep. 25:22 – 26:4, *Id.* at 6–7). Carlton has training in store safety and is trained to look for and correct hazards as they appear. (Carlton Dep. 34:3–12, *Id.* at 8).

Carlton did not witness Plaintiff's accident. (Carlton Dep. 13:8–11, *Id.* at 5). However, Brock found Carlton and told her about the accident. *Id.* When Carlton arrived at Plaintiff's location, she did not observe any marks or anything on the floor indicating that a spill had occurred. (Carlton Dep. 13:12–14, *Id.* at 5). Carlton had been working in that area before the accident, but she had to go to the front of the store for a reason she could not remember. (Carlton Dep. 26:12–16, *Id.* at 7). Carlton did not indicate how long before the accident it had been since she had observed that area.

## II. Standard of Review

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution

affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

When deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

**III.   Discussion**

Defendants argue that they are entitled to summary judgment because there is no evidence that the substance, that caused Plaintiff's accident, was on the floor due to Defendants' Negligence and that Defendants did not know the substance was on the floor.[2]

As a property owner, Defendants had a general duty to Plaintiff, an invitee, to exercise ordinary care to maintain its premises in a reasonably safe condition. *See Cowan v. Ellison Enter., Inc.*, 93 Ark. App. 135, 143, 217 S.W.3d 175, 180 (2005). The property owner is not an insurer of the safety of invitees on his premises, but his liability to an invitee must be based upon negligence. *Ollar v. Spakes,* 269 Ark. 488, 601 S.W.2d 868 (1980). "To prevail in a slip-and-fall case, one must show either (1) that the presence of a foreign substance on the premises was the result of the owner's negligence or (2) that the foreign substance had been on the premises for such a length of time that the owner knew or reasonably should have known of its presence and failed to use ordinary care to remove it." *Id.* (citing *Kelley v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997)). The plaintiff's description that the floor was slick or slippery, alone, is not sufficient to support a claim for negligence. *Id*; *Black v. Wal–Mart Stores, Inc.,* 316 Ark. 418, 872 S.W.2d 56 (1994); *Newberg v. Next Level Events, Inc.,* 82 Ark. App. 1, 110 S.W.3d

---

[2] The parties do not dispute that Arkansas law applies to Plaintiff's claim.

332 (2003); *Wal–Mart Stores, Inc. v. Bernard,* 69 Ark. App. 238, 10 S.W.3d 915 (2000).  Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence.  *Id.*  Moreover, the doctrine of *res ipsa loquitur* is inapplicable in slip-and-fall cases.  *Alexander v. Town & Country Discount Foods, Inc.,* 316 Ark. 446, 872 S.W.2d 390 (1994).

Defendants argues that Plaintiff does not have evidence that the residue was on the floor due to Defendants' negligence and that there is not any evidence that the residue had been on the floor for such a length of time that the Defendants knew or reasonably should have known of its presence.  Plaintiff argues that there are genuine disputes of material fact remaining for trial because Plaintiff has photos of debris and other slip hazards in the aisle, the residue that Plaintiff slipped on, and an unattended rolltainer.  In sum, Plaintiff argues that these photos demonstrate an inference that Defendants were negligent.

Under Arkansas law, Defendants, as the moving party, bear the burden of proving that they were not negligent.  *Collyard v. American Home Assur. Co.*, 271 Ark. 228, 229–30, 607 S.W.2d 666, 668 (1980).  Defendants only offer Plaintiff's deposition testimony to assert that she does not know how the residue got on the floor or how long the residue was there.  This alone is not enough to entitle the Defendants to summary judgment.  Further, Carlton may be trained to move throughout the store to look for and remove potential hazards, but she could not state how exactly long it had been since she had been to the area of the store where the accident occurred.  Therefore, there is a genuine dispute of material fact as to how long the residue was on the floor prior to the accident and how it got there.  These issues will need to be resolved by a jury.

Plaintiff's brief cites to *Woodruff v. Western Sizzlin of Russellville, Inc.*, 2020 Ark. App. 396.  However, *Woodruff* is distinguishable from the present action.  In *Woodruff*, the Arkansas Court of Appeals held that the defendant did not prove as a matter of law that the alleged danger was open and obvious.  *Id.* at 10, 606 S.W.3d at 612–13.  Here, Defendants are not alleging that the residue was open and obvious and that there was no duty to warn Plaintiff.  Plaintiff's brief also argues that Defendants created a standard of care for employees and that the photos demonstrate that Defendants' employees did not follow that standard of care.  However, Plaintiff's brief does not city any law to support this argument.

**IV.**   **Conclusion**

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 10) should be and hereby is **DENIED**.

**IT IS SO ORDERED** this 13th day of June 2022.

*/s/ Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**